IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTI SMITH, ET AL., | ) | Civ. No. 11-00350 JMS-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFFS' MOTION FOR AN |
| | ) | ORDER OF REMAND BE |
| KAWAILOA DEVELOPMENT LLP | ) | GRANTED IN PART AND |
| doing business as GRAND HYATT | ) | DENIED IN PART |
| KAUAI RESORT AND SPA, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR
AN ORDER OF REMAND BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiffs Marti Smith and Jonalen Kelekoma's

("Plaintiffs") Motion For an Order of Remand.  The Court heard this Motion on

August 30, 2011.  After careful consideration of the Motion, the supporting and

opposing memoranda, and the arguments of counsel, the Court finds and

recommends that Plaintiffs' Motion be GRANTED IN PART and DENIED IN

PART.

BACKGROUND

According to the First Amended Complaint ("Complaint"), Plaintiffs

Smith and Kelekoma are employed at the Grand Hyatt Kauai Resort & Spa

("Hotel") on Kauai, Hawaii.   Defendant Kawailoa Development, LLP

("Kawailoa") "has owned and operated the [Hotel] at all relevant times."

Defendant Hyatt Hotel Corporation ("Hyatt") "operates and manages the [Hotel]"

as well.  Kawailoa "was and is the employer or former employer of each of the

members of the proposed class."[1]

Plaintiffs Smith, Kelekoma, and the proposed class members worked

at banquets and other food service events at the Hotel, where the Hotel charged

customers a service charge that was calculated as a percentage of the total cost of

food and beverage.  According to the Complaint, "Defendants failed to distribute

all of the service charge to the non-managerial employees who provided the service

of the food and beverage to the customers."  The Hotel retained a portion of the

service charge and "Defendants failed to clearly disclose to customers that a

portion of the service charge was not distributed to the employees and was in fact

retained by the Hotel."  Plaintiffs assert that Defendants' conduct violated Hawaii

---

[1] Plaintiffs Smith and Kelekoma bring this action on behalf of themselves and all others who are similarly situated, consisting of:

> All past and present non-management employees of the Hotel who, on or after April 18, 2005, (I) provided services in connection with the sales of food and/or beverage at the Hotel for which a service charge or gratuity charge was (a) imposed by the Hotel and (b) not distributed 100% to said non-management employees where said non-distribution was not clearly disclosed to the purchaser and (2) who received a portion of the imposed service charge or gratuity charge.

(Complaint ¶ 6.)

state law – specifically, Haw. Rev. Stat. §§ 388-6, 481B-14, and chapter 480.

Plaintiffs pray for damages, declaratory judgment, and an injunction.

On April 25, 2011, Plaintiffs filed their original Complaint in the First

Circuit Court of the State of Hawaii.  They filed their First Amended Complaint on

May 24, 2011.  On May 31, 2011, Defendants removed this action to federal court.

Plaintiffs filed the present Motion to Remand on June 29, 2011.  Defendants jointly

oppose this Motion.

DISCUSSION

I.          Whether This Case Should Be Remanded

Plaintiffs argue that this case should be remanded because this Court

lacks jurisdiction under the Class Action Fairness Act ("CAFA").  In response,

Defendants contend that this Court does not lack jurisdiction under CAFA and that

Plaintiffs' state law claims are preempted by the Labor Management Relations Act

("LMRA").  The Court addresses CAFA and LMRA in turn.

A.     Jurisdiction Under CAFA

"A plaintiff whose putative class action has been removed can obtain

a remand to state court under any of three exceptions to the district court's subject

matter jurisdiction under CAFA."  Coleman v. Estes Express Lines, Inc., 631 F.3d

1010, 1013 (9th Cir. 2011) (citing 28 U.S.C. § 1332(d)(3), (d)(4)(A), & (d)(4)(B)).

The local controversy exception, upon which Plaintiffs rely, provides that a federal

district court "shall decline to exercise [removal] jurisdiction . . . over a class action

in which–"

> (I)  greater than two-thirds of the members of all
> proposed plaintiff classes in the aggregate are citizens of
> the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant–
>> (aa) from whom significant relief is sought by
>> members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant
>> basis for the claims asserted by the proposed
>> plaintiff class; and
>> (cc) who is a citizen of the State in which the
>> action was originally filed; and
> (III) principal injuries resulting from the alleged conduct
> or any related conduct of each defendant were incurred in
> the State in which the action was originally filed[.]

28 U.S.C. § 1332(d)(4)(A)(i); see also Coleman, 631 F.3d at 1013.  "A plaintiff

seeking remand has the burden of showing that the local controversy exception

applies."  Coleman, 631 F.3d at 1013.

Plaintiffs argue that each of the factors above are met in this case and

that remand is therefore proper.  Specifically, Plaintiffs contend, among other

things, that (1) Kawailoa is a Defendant from whom Plaintiffs seek "significant

relief" and (2) Kawailoa's conduct forms a "significant basis" for their claims.  In

response, Defendants counter that Plaintiffs "failed to satisfy the elements of both

Section (II)(aa) ('significant relief') and (bb) ('significant basis')."  Therefore, this

Court must determine whether Kawailoa is a Defendant "from whom significant relief is sought by members of the plaintiff class" and whose conduct "forms a significant basis for the claims asserted by the proposed plaintiff class."[2]  See 28 U.S.C. § 1332(d)(4)(A)(i).

Defendants argue that the two foregoing factors are not met in this case by pointing to extrinsic evidence, including the Management Agreement and a declaration by the Human Resources Director for the Hotel.  However, the Ninth Circuit recently addressed whether district courts may turn to extrinsic evidence in deciding the very issues before this court.  The Ninth Circuit held that "CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied."  Coleman, 631 F.3d at 1015 (emphasis added), 1017 ("a district court cannot look beyond the complaint in determining whether the criteria of subsections (aa) and (bb) have been satisfied").  Therefore, this Court is limited to the allegations in the First Amended Complaint in deciding whether "significant relief" is sought from Kawailoa and whether its conduct forms a "significant basis" for Plaintiffs' claims.

―――――――――――

[2] Inasmuch as Defendants do not challenge Plaintiffs' arguments with respect to the other factors of the local controversy exception, the Court need not and does not address them.  The Court only discusses the factors that Defendants challenge.

The Complaint alleges that Kawailoa, a Hawaii limited liability

partnership with its headquarters in Honolulu, Hawaii, owns and operates "the

Grand Hyatt Kauai Resort and Spa, the Poipu Bay Bar & Grill and Yum Cha."

(Complaint ¶ 3.)  The Complaint further alleges that "Kawailoa was and is the

employer or former employer of each of the members of the proposed class . . .

consisting of certain past and present employees of said hotel and/or [is or was]

engaged in the practices described [in the Complaint]."  (Id.)  Plaintiffs Smith and

Kelekoma also specifically allege that they are "employee[s] of Kawailoa

Development LLP at the Grand Hyatt Resort & Spa."  (Id. ¶¶ 14-15.)

With respect to Kawailoa's alleged conduct, the Complaint states that

it "charged the customers of the Hotel a 'service charge' or 'gratuity'" and "failed

to distribute all of the service charge to the non-managerial employees who

provided the service of the food and beverage to the customers."  (Id. ¶ 16.)

Further, the Complaint alleges that Kawailoa "failed to clearly disclose to

customers that a portion of the charge was not distributed to the employees and

was in fact retained by the Hotel."  (Id.)

Based on the Complaint, the Court finds that Plaintiffs sufficiently

allege that Kawailoa is a Defendant "from whom significant relief is sought by

members of the plaintiff class" and whose conduct "forms a significant basis for

the claims asserted by the proposed plaintiff class." See 28 U.S.C. §

1332(d)(4)(A)(i).  The Complaint alleges that Kawailoa employed the putative

class members during the relevant period, that Kawailoa violated Hawaii law, and

that its actions constitute an unfair method of competition.  Although the

Complaint also alleges that Hyatt violated Hawaii law as well, the allegations

against Hyatt "in no way make the allegations against [Kawailoa], the actual

employer, insignificant."  Coleman, 631 F.3d at 1020.  Further, "there is nothing in

the complaint to suggest that [Kawailoa] is a nominal defendant."  Id.  Indeed, the

allegations in the Complaint sufficiently assert that Kawailoa is a Defendant from

whom "significant relief" is sought and whose conduct forms a "significant basis"

for Plaintiffs' claims.  Therefore, the factors under 28 U.S.C.

§ 1332(d)(4)(A)(i)(II)(aa) and (bb) are met in this case.  Inasmuch as Defendants

do not challenge the other factors of the local controversy exception, the Court

finds the Plaintiffs meet the local controversy exception to the district court's

subject matter jurisdiction under CAFA.  See Coleman, 631 F.3d at 1013.

B.     Preemption Under LMRA

Defendants alternatively contend that, if subject matter jurisdiction is

lacking under CAFA, this Court has original jurisdiction over this case "under

section 301 [of LMRA], which gives federal district courts original jurisdiction

over any action involving the application of a collective bargaining agreement."

Plaintiffs respond that preemption does not apply.

With respect to § 301 preemption, the Supreme Court held that "an application of state law is pre-empted by § 301 of [LMRA] <u>only if</u> such application requires the interpretation of a collective-bargaining agreement." <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 413 (1988) (emphasis added). According to the Ninth Circuit, "§ 301 does not preempt a claim alleging state law substantive rights that apply without regard to a CBA and can be resolved without interpreting a CBA." <u>Gregory v. SCIE, LLC</u>, 317 F.3d 1050, 1052 (9th Cir. 2003). The Ninth Circuit stated:

> The plaintiff's claim is the touchstone of the preemption analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.

<u>Id.</u> at 1052-53 (brackets omitted).

In this case, Plaintiffs assert that Defendants violated Hawaii state law by imposing service charges and retaining a portion of those charges and for engaging in an unfair method of competition, in violation of Haw. Rev. Stat. §§ 388-6, 481B-14, and chapter 480. Plaintiffs' state law claims "can be resolved without interpreting a CBA." <u>Gregory</u>, 317 F.3d at 1052. Although Defendants

may refer to the CBA in defending against this action, "§ 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Id. at 1052-53.  Accordingly, the Court finds that Plaintiffs' claims are not preempted by § 301 of LMRA.

In sum, the Court finds that Plaintiffs satisfy the local controversy exception to the district court's subject matter jurisdiction under CAFA and that Plaintiffs' claims are not preempted by federal law.  Therefore, remand of this case is proper, and the Court recommends that this case be remanded to state court.

II.          Attorneys' Fees and Costs

Plaintiffs seek an award of fees and costs under 28 U.S.C. § 1447(c) , arguing that Defendants had no "reasonably objective ground to assert that Kawailoa is not a 'significant' defendant under sections (aa) and (bb) of CAFA."

Section 28 U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorneys' fees when remanding a case to state court "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)) (quotations omitted).  "Absent unusual circumstances, courts may award attorney's fees under

§ 1447(c) only where the removing party lacked an objectively reasonable basis for

seeking removal." <u>Martin</u>, 546 U.S. at 141.

Although the Court concludes that remand is proper and that

Defendants' arguments lack merit, "removal is not objectively unreasonable solely

because the removing party's arguments lack merit, or else attorney's fees would

always be awarded whenever remand is granted." <u>Lussier</u>, 518 F.3d at 1065.

Defendants removed this action based on CAFA, 28 U.S.C. § 1332(d)(2), and

presented arguments against the local controversy exception to CAFA.  Defendants

also presented an alternative argument that this case is preempted under § 301 of

LMRA.  Although the Court ultimately recommends this case be remanded,

Defendants' removal of this action was objectively reasonable.  Accordingly, the

Court recommends that Plaintiffs' request for fees and costs be denied.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that

Plaintiffs' Motion for an Order of Remand be GRANTED IN PART and DENIED

IN PART.

<u>Marti Smith, et al. v. Kawailoa Development LLP dba Grand Hyatt Kauai Resort and Spa, et al.</u>,
Civ. No. 11-00350 JMS-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS'
MOTION FOR AN ORDER OF REMAND BE GRANTED IN PART AND DENIED IN PART.

DATED:  Honolulu, Hawaii, October 19, 2011.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Marti Smith, et al. v. Kawailoa Development LLP dba Grand Hyatt Kauai Resort and Spa, et al., Civ. No. 11-00350 JMS-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND BE GRANTED IN PART AND DENIED IN PART.