IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTI SMITH and JONALEN KELEKOMA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>KAWAILOA DEVELOPMENT LLP dba GRAND HYATT KAUAI RESORT & SPA; HYATT HOTEL CORPORATION; and DOE DEFENDANTS,<br><br>    Defendants.<br>_____ | CIVIL NO. 11-00350 JMS/BMK<br><br>ORDER ADOPTING MAGISTRATE JUDGE BARRY M. KURREN'S OCTOBER 19, 2011 FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND BE GRANTED IN PART AND DENIED IN PART |

**<u>ORDER ADOPTING MAGISTRATE JUDGE BARRY M. KURREN'S OCTOBER 19, 2011 FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND BE GRANTED IN PART AND DENIED IN PART</u>**

**I. INTRODUCTION**

On April 25, 2011, Plaintiffs Marti Smith and Jonalen Kelekoma ("Plaintiffs") filed this class action in the First Circuit Court of the State of Hawaii against Defendants Kawailoa Development LLP dba Grand Hyatt Kauai Resort & Spa ("Kawailoa"), and Hyatt Hotel Corporation ("Hyatt"), (collectively, "Defendants").  Plaintiffs, employed by Kawailoa as food servers and/or waitresses at the Grand Hyatt Kauai Resort & Spa (the "Hotel"), assert that Defendants

violated Hawaii Revised Statues ("HRS") §§ 388-6, 480-2, and 481B-14 when they charged customers a service charge and failed to distribute to Plaintiffs the full amounts collected.

On May 31, 2011, Defendants removed the action, asserting that this court has original jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). Defendants also filed a Motion to Dismiss, arguing, among other things, that Plaintiffs' action was preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA" or "Section 301"). In response, Plaintiffs filed a Motion to Remand, arguing that CAFA does not provide the court jurisdiction. On October 19, 2011, United States Magistrate Judge Barry M. Kurren entered his Findings and Recommendation that Plaintiffs' Motion for an Order of Remand Be Granted in Part and Denied in Part (the "October 19 F&R"). The October 19 F&R found that remand is appropriate because CAFA does not provide the court jurisdiction and the LMRA does not preempt Plaintiffs' claims.[1]

Currently before the court is Defendants' Objection to the October 19

---

[1] The October 19 F&R further found that Plaintiffs were not entitled to their attorneys' fees. The parties do not dispute this determination.

F&R.[2] As explained below, the court ADOPTS the October 19 F&R.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614,

---

[2] Defendants further request the court to review Magistrate Judge Kurren's Order Denying Defendants' Motion for Stay of Proceeding Pending Answer to Certified Questions. Doc. No. 50. Because the court adopts the October 19 F&R to remand this action, any "objection" to the Order Denying the Motion to Stay is moot.

3

616 (9th Cir. 1989).

## III. ANALYSIS

Defendants argue that the October 19 F&R erred in its determinations that the court does not have jurisdiction pursuant to CAFA and that Plaintiffs' claims are not preempted by the LMRA.  Based upon a de novo review, the court agrees with the October 19 F&R's determinations.

**A.    CAFA**

Plaintiffs brought this class action[3] in Hawaii state court asserting state law claims based on Defendants' allegedly unlawful withholding of service charges from their employees.  Defendants removed this action under CAFA, and Plaintiffs argue that this removal was improper under CAFA's local controversy exception to removal.

CAFA's local controversy exception provides that a federal district court "shall decline to exercise [removal] jurisdiction . . . over a class action in

---

[3] The proposed class consists of:
>All past and present non-management employees of the Hotel who, on or after April 18, 2005, (1) provided services in connection with the sales of food and/or beverage at the Hotel for which a service charge or gratuity charge was (a) imposed by the Hotel and (b) not distributed 100% to said non-management employees where said non-distribution was not clearly disclosed to the purchaser and (2) who received a portion of the imposed service charge or gratuity charge.

*See* Doc. No. 1-3, First Amended Compl. ¶ 6.

which --"

>(I) greater than two-thirds of the members of all proposed
>plaintiff classes in the aggregate are citizens of the State
>in which the action was originally filed;
>(II) at least 1 defendant is a defendant --
>>(aa) from whom significant relief is sought by
>>members of the plaintiff class;
>>(bb) whose alleged conduct forms a significant
>>basis for the claims asserted by the proposed
>>plaintiff class; and
>>(cc) who is a citizen of the State in which the
>>action was originally filed; and
>(III) principal injuries resulting from the alleged conduct
>or any related conduct of each defendant were incurred in
>the State in which the action was originally filed[.]

28 U.S.C. § 1332(d)(4)(A)(i).  Plaintiffs have the burden to establish that the local controversy exception applies.  *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011).

There is no dispute that elements (I), (II)(cc), and (III) are met in this case -- more than two-thirds of the proposed class are citizens of Hawaii, Kawailoa is a citizen of Hawaii, and Plaintiffs' alleged injuries were incurred in Hawaii.  At issue are elements (II)(aa) and (II)(bb) -- whether significant relief is sought from Kawailoa, and whether Kawailoa's alleged conduct forms a significant basis for Plaintiffs' claims.  Relying on *Coleman*, the October 19 F&R looked solely at the allegations of Plaintiffs' First Amended Complaint ("FAC") and found that it alleged sufficient facts to establish these two necessary elements.  Defendants

5

object to this determination, arguing that the court should consider evidence beyond the FAC and in any event, the allegations in the FAC are insufficient.

As to whether the court may consider extrinsic evidence, *Coleman* answered this question with a decisive "no." *Coleman* addressed the specific issue of "whether a federal district court is limited to the complaint in deciding whether [§ 1332(d)(4)(A)(i)(II)(aa) and (bb)] for the local controversy exception are satisfied," 631 F.3d at 1012, and held that the court is so limited due to the statutory language of CAFA, which "unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied." *Id.* at 1015. That is, *Coleman* concluded that "a district court *cannot* look beyond the complaint in determining whether the criteria of subsections (aa) and (bb) have been satisfied." *Id.* at 1017 (emphasis added).

*Coleman* further rejected the argument that this interpretation of CAFA ran afoul of the "common practice of considering extrinsic evidence and making factual determinations in resolving questions of a federal court's subject matter jurisdiction" due to three reasons. *Id.* at 1015-16. First, the plain language of these sub-sections of CAFA "indicates, through the use of the words "sought" and "alleged," that the district court is to look to the complaint rather than to

extrinsic evidence." *Id.* at 1016.  Second, district courts do not always consider extrinsic evidence in making subject matter jurisdiction determinations.  *Id.*  Finally, "factual determinations under subsections (aa) and (bb) are likely to be more expensive and time-consuming than factual determinations of citizenship and amount-in-controversy," and Congress stressed the need for subject matter jurisdiction determinations under CAFA to be made quickly.  *Id.*

Despite *Coleman's* clear explanation that a district court cannot consider extrinsic evidence, Defendants argue that *Coleman* did not consider the artful pleading doctrine, which provides that "'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'"  *ARCO Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)).  This doctrine applies, however, in only certain circumstances.  Specifically, "[a] state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  *Id.* (citations omitted).

The court rejects that *Coleman* leaves room for application of the

artful pleading doctrine in this action -- *Coleman* explained that although some questions of subject matter jurisdiction are questions of fact, "we do not believe that this practice should apply to determinations under [CAFA] subsections (aa) and (bb)."[4] *Coleman*, 631 F.3d at 1016. The court further rejects Defendants' argument that interpreting *Coleman* to prevent consideration of extrinsic evidence would run counter to Supreme Court cases generally discussing this doctrine. *See* Doc. No. 51, Defs.' Obj. at 11. Unlike the Supreme Court cases cited by Defendants, *Coleman* specifically rejected that extrinsic evidence should be considered in determining whether § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied. And this court is unquestionably bound by the Ninth Circuit. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (explaining that only "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled").

---

[4] Although *Coleman* did not directly address the artful pleading doctrine, Defendants are mistaken that the issue of the artful pleading doctrine was not raised. *See* Doc. No. 51, Defs.' Obj. at 9. In their briefing before the Ninth Circuit, the defendants in *Coleman* relied on *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998) -- a case that discusses the artful pleading doctrine -- to argue that extrinsic evidence should be considered in determining the CAFA exception because "[t]he removeability of an action cannot be defeated by artful or disguised pleading." *Coleman v. Estes Express Lines, Inc.*, 2010 WL 6714517, at *14 (9th Cir. Dec. 20, 2010) (Appellants' Opening Brief). *Coleman* obviously rejected this argument in holding that the court may not consider extrinsic evidence.

Thus, the court finds that the Ninth Circuit has clearly spoken -- district courts may not consider extrinsic evidence in determining the applicability of subsections (aa) and (bb).  To allow the parties to submit evidence on these issues would run counter to the plain language of CAFA and open the door to unnecessarily expensive and time-consuming discovery.

Turning to the allegations of the FAC, the court finds that Plaintiffs have pled sufficient facts to establish that significant relief is sought from Kawailoa, and that Kawailoa's alleged conduct forms a significant basis for Plaintiffs' claims.  Specifically, the FAC asserts:

> Kawailoa has been engaged in the business of, *inter alia*, operating the Hotel and restaurants, providing food and lodging in Hawaii, on the island of Kauai, and has owned and operated the Grand Hyatt Kauai Resort & Spa, the Poipu Bay Bar & Gill and Yum Cha, at all relevant times herein.  Defendant Kawailoa was and is the employer or former employer of each of the members of the proposed class described below consisting of certain past and present employees of said hotel and/or are or were engaged in the practices described herein. . . .

Doc. No. 1-3, FAC ¶ 3.  The FAC further asserts that Kawailoa, along with Hyatt, charged customers of the Hotel a "service charge" or "gratuity," of which only a portion was distributed to staff, and that Defendants "failed to clearly disclose to customers that a portion of the service charge was not distributed to the employees and was in fact retained by the Hotel."  *Id.* ¶ 16.  Plaintiffs therefore seek damages,

declaratory relief, and injunctive relief from Defendants.  *Id.* (Prayer for Relief).
These allegations -- that Kawailoa was Plaintiffs' employer, that Kawailoa, in conjunction with Hyatt, failed to pay Plaintiffs the full service charges that were due them, and that Plaintiffs seek damages, declaratory relief, and injunctive relief from both Defendants -- establish that Kawailoa's conduct forms a significant basis for Plaintiffs' claim and that significant relief is sought from Kawailoa.

In finding that the FAC adequately alleges these elements, the court recognizes that the FAC lumps Kawailoa and Hyatt together for some allegations (which may be a function that Hawaii state pleading requirements differ from federal pleading requirements, *see Coleman*, 631 F.3d at 1020-21 (acknowledging that pleading requirements between states and federal courts may differ and that the court may "in its discretion, require or permit the plaintiff to file an amended complaint")).  Given that the FAC specifically alleges that Kawailoa is Plaintiffs' employer, however, the allegations sufficiently plead the CAFA elements -- an employer, by definition, hires others to perform a service in exchange for compensation, and Plaintiffs assert that Defendants have withheld compensation that Plaintiffs are due by law.  That the FAC does not specifically explain the relationship between Kawailoa and Hyatt does not change that Kawailoa's conduct forms a significant basis for Plaintiffs' claim and that significant relief is sought

from Kawailoa.[5] Thus, the court finds that Plaintiffs have pled sufficient facts to establish that the local controversy exception outlined in CAFA applies here.

**B.     LMRA Preemption**

A collective bargaining agreement (the "CBA") exists between Hyatt and Plaintiffs' proposed class. *See* Doc. No. 7-4. Defendants argue that the court has original jurisdiction over this action pursuant to Section 301, which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

To determine if a claim is preempted under Section 301, a court must

---

[5] Defendants argue that the court should follow *Opelousas General Hospital Authority v. Fairpay Solutions, Inc.*, 655 F.3d 358 (5th Cir. 2011), which held that the plaintiffs failed to allege sufficient facts to establish the local controversy exception to CAFA. The plaintiff class, made up of Louisiana hospitals, alleged that a Texas bill review company calculated recommended payments below those required by Louisiana law, and that a Chicago-based insurance company and Louisiana-based insurance company used these recommendations in reimbursing Plaintiffs. The plaintiff class therefore asserted a claim under the Louisiana Racketeering Act. *Id.* at 359-60. *Opelousas* held that the plaintiffs had not carried their burden of alleging that the Louisiana defendant's conduct forms a significant basis for this claim because the complaint failed to explain the conduct of this defendant relative to the conduct of the other defendants, and there were no efforts to quantify the illegal under-payments made by the local defendant versus the Chicago company. *Id.* at 361-62. Unlike in *Opelousas*, Kawailoa's role is clearer -- Kawailoa employed Plaintiffs and therefore had a direct role in allegedly failing to compensate them as required by law.

first determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). If a right is not conferred by the CBA, the court must then determine whether the claims are "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987)). If the claims require the court to "interpret," rather than merely "look to," the CBA, then the claims are substantially dependent on the CBA and are preempted by Section 301. *See id.* at 1060; *see also Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) ("[T]he bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). Defendants have the burden of establishing removal jurisdiction. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011).

Defendants do not argue that Plaintiffs' claims involve rights conferred upon Plaintiffs by virtue of the CBA; rather, Defendants argue only that

the CBA will need to be interpreted in determining Plaintiffs' claims.[6] Turning to Plaintiffs' claims, the FAC asserts that Defendants charged "the customers of the Hotel a 'service charge' or 'gratuity' that was calculated as [a] percentage of the total cost of food and beverage," of which only a portion went to "the non-managerial employees who provided the service of the food and beverage to the customers." Doc. No. 1-3, FAC ¶ 16. The FAC further asserts that "Defendants failed to clearly disclose to customer[s] that a portion of the service charge was not distributed to the employees and was in fact retained by the Hotel," *id.*, and that these actions violate HRS §§ 481B-14, 388-6, and 480-13.

> In turn, § 481B-14 provides that:
>
> Any hotel or restaurant that applies a service charge for the sale of food or beverage services shall distribute the service charge directly to its employees as tip income or clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees.

Section 481B-4 further provides that "[a]ny person who violates this chapter shall

---

[6] Defendants further argue that the October 19 F&R improperly failed to acknowledge the preemption arguments they made in their Motion to Dismiss, which they incorporated by reference in their opposition to the Motion to Remand. *See* Doc. No. 51, Defs.' Obj. at 51. Magistrate Judge Kurren was under no obligation, however, to hunt through the filings in this action to determine Defendants' arguments against remand. *See Roth v. Meridian Fin. Network, Inc.*, 2008 WL 3850478, at *2 (D. Haw. Aug. 19, 2008) (explaining that a party may not "refer back" to a prior motion or "'incorporate by reference' earlier arguments that they wish the court to consider in their Objection"). The court nevertheless reviewed Defendants' Motion to Dismiss, and as explained below, does not find the arguments persuasive.

be deemed to have engaged in an unfair method of competition and unfair or deceptive acts or practice in the conduct of any trade or commerce within the meaning of section 480-2." Finally, § 388-6 provides, in relevant part, that "[n]o employer may deduct, retain, or otherwise require to be paid, any part or portion of any compensation earned by any employee except where required by federal or state statute . . . ."

Defendants argue that the court will need to interpret the CBA from "several angles," including (1) what functions and events constitute the "sale of food and beverage service" as used in § 481B-14, given that the CBA outlines thirteen different types of events where employees may receive tip revenue and not all of them involve the sale of food and beverage; (2) what employees are entitled to service charges under the CBA; and (3) whether the Hotel lawfully allocated a percentage of the service charge in light of the fact that the CBA provides different service charges percentages to employees based on the type of function. *See* Doc. No. 7-2, Defs.' Mot. to Dismiss at 10-12.

Similar arguments have been made in other cases in this district, and have been soundly rejected. *See, e.g.*, *Wadsworth v. KSL Grand Wailea Resort, Inc.*, --- F. Supp. 2d ----, 2010 WL 5146521, at *9 (D. Haw. Dec. 10, 2010) ("[T]he Court finds Plaintiffs' H.R.S. § 481B-14 claim is a statutory claim that is

independent from any obligations created under the CBA."); *see also Rodriguez et al. v. Starwood Hotels & Resorts Worldwide, Inc. d/b/a/ Westin Maui Resort & Spa*, Civ. No. 09-00016 DAE-LEK (D. Haw. Dec. 29, 2010), Doc. No. 93, Order: Granting in Part and Denying in Part Defendant's Motion to Dismiss; (2) Dismissing Counts I and II of the Complaint Without Prejudice (rejecting LMRA preemption on § 481B-14 claim).

        The court agrees with the reasoning of these cases. Specifically, Defendants' assertions that the court will have to interpret the CBA in determining Plaintiffs' claims are illusory -- the parties' duties and obligations under the CBA are separate from their obligations under the statutory provisions. For example, whether Defendants "applied a service charge for the sale of food or beverage services" is a factual question governed by § 481B-14 and not whatever the parties may have separately negotiated in the CBA. Further, Defendants have not established that the court would need to turn to the CBA to determine which employees are entitled to the service charges -- as alleged in the FAC, Plaintiffs already received some portion of the service fee and the issue is only whether Defendants should have distributed the entire service fee collected. Finally, regardless of whether the CBA provides that employees will receive only a certain percentage of food and beverage service, § 481B-14 requires Defendants to either distribute the full amount collected or clearly disclose to customers that not all of

the service charge will be distributed.  Thus, the court need not interpret the CBA to determine Plaintiffs' state law claims.

In sum, the court finds that Defendants have not carried their burden of establishing that the LMRA preempts Plaintiffs' claims.

## IV.  CONCLUSION

Based on the above, the court ADOPTS the October 19, 2011 Findings and Recommendation that Plaintiffs' Motion for an Order of Remand Be Granted in Part and Denied in Part.  The court REMANDS this action to the First Circuit Court of the State of Hawaii.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 22, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Smith et al. v. Kawailoa Dev. LLP et al.*, Civ. No. 11-00350 JMS/BMK, Order Adopting Magistrate Judge Barry M. Kurren's October 19, 2011 Findings and Recommendation That Plaintiffs' Motion for an Order of Remand Be Granted in Part and Denied in Part